PERETORE & PERETORE, P.C.
191 Woodport Road
Sparta, New Jersey 07871
(973) 729-8991
Attorneys for National City Commercial Capital Company, LLC

/s/ Frank Peretore, Esq.
Frank Peretore, Esq.
FP #7020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
| | | |
|---|---|---|
| | : | Case Number: 08 CIV 6221 |
| NATIONAL CITY COMMERCIAL CAPITAL | : | Judge Holwell |
| COMPANY, LLC, | : | |
| | : | ECF CASE |
| | : | |
| Plaintiff, | : | COMPLAINT |
| | : | |
| vs. | : | |
| | : | |
| INTERBORO INSTITUTE, INC., | : | |
| | : | |
| Defendant. | : | |

_____x

Plaintiff, National City Commercial Capital Company, LLC (hereinafter referred to as plaintiff or ("National City")), by way of complaint against the defendant, SAYS:

## JURISDICTION AND PARTIES

1. This court has jurisdiction of the within cause of action pursuant to 28 U.S.C. 1332, plaintiff and defendant being citizens of different states and the amount in controversy exceeding Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

2. Plaintiff, National City, is an Indiana LLC maintaining its principal place of business at 995

Dalton Avenue, Cincinnati, Ohio 45203.    National City has two members, to wit, National City

Bank and NCBO Holdings, Inc.  National City Bank is an Ohio corporation maintaining its principal

place of business at 1900 East Ninth Street, Cleveland, Ohio 44114. NCBO Holdings, Inc. is an

Indiana corporation maintaining its principal place of business at 1 National City Center, Suite 845E,

Indianapolis, Indiana 46255.

3.  Upon information and belief, defendant Interboro Institute, Inc. ("Interboro") is a New

York corporation with offices located at 450 West 56th Street, New York, New York 10019.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

4. On or about February 1, 2006, Interboro, entered into and executed a Lease Agreement

#85041 ("Lease 1") with De Lage Landen Financial Services, Inc. ("De Lage").  A true and accurate

copy of Lease 1 is attached hereto as **EXHIBIT A**.

5.  On or about March 10, 2006 Interboro, entered into and executed a Delivery and

Acceptance of the equipment.  A true and accurate copy of the Delivery and Acceptance is attached

hereto as **EXHIBIT B**.

6.  On or about November 27, 2006 De Lage assigned Lease 1 and related documents to

National City.  A true and accurate copy of the Assignment is attached hereto as **EXHIBIT C**.

7.  Interboro defaulted under the terms of Lease 1 in that it has failed to make the required

monthly payment for December 1, 2007 and each month thereafter.

8.  The plaintiff has demanded payment but the defendant refuses and continues to refuse to

make payment of the remaining indebtedness.

9.  Pursuant to the terms of Lease 1, upon a default the plaintiff may declare the entire

2

accelerated balance to be immediately due and payable.

10.  Plaintiff has declared Lease 1 in default and demanded the accelerated balance, plus late charges, for a total of NINETY ONE THOUSAND SIX HUNDRED NINETY TWO DOLLARS AND 42/100 ($91,692.42) as of June 4, 2008 plus accruing interest and late charges.

11.  Pursuant to the terms of the Lease in the event defendant defaults under the terms of Lease 1, plaintiff is still further entitled to immediate and permanent title and possession of the leased equipment which is the subject of Lease 1.

12.  Pursuant to the terms of Lease 1, in the event the defendants default, defendant is additionally liable to plaintiff for, inter alia, contractual attorneys' fees.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

13.  Plaintiff repeats, reiterates and realleges each and every allegation as set forth above with the same force and effect as if fully set forth herein.

14. On or about February 1, 2006, Interboro, entered into and executed a Lease Agreement #85042 ("Lease 2") with De Lage.  A true and accurate copy of Lease 2 is attached hereto as **EXHIBIT D**.

15.  On or about March 10, 2006 Interboro, entered into and executed a Delivery and Acceptance of the equipment.  A true and accurate copy of the Delivery and Acceptance is attached hereto as **EXHIBIT E**.

16.  On or about November 27, 2006 De Lage assigned Lease 2 and related documents to National City.  A true and accurate copy of the Assignment is attached hereto as **EXHIBIT F**.

17.  Interboro defaulted under the terms of Lease 2 in that it has failed to make the required

3

monthly payment for December 2, 2007 and each month thereafter.

18.  The plaintiff has demanded payment but the defendant refuses and continues to refuse to make payment of the remaining indebtedness.

19.  Pursuant to the terms of Lease 2, upon a default the plaintiff may declare the entire accelerated balance to be immediately due and payable.

20.  Plaintiff has declared Lease 1 in default and demanded the accelerated balance, plus late charges, for a total of EIGHTY THOUSAND ONE HUNDRED SIXTEEN DOLLARS AND 26/100 ($80,116.26) as of June 4, 2008 plus accruing interest and late charges.

21.  Pursuant to the terms of the Lease in the event defendant defaults under the terms of Lease 2, plaintiff is still further entitled to immediate and permanent title and possession of the leased equipment which is the subject of Lease 2.

22.  Pursuant to the terms of Lease 2, in the event the defendants default, defendant is additionally liable to plaintiff for, inter alia, contractual attorneys' fees.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

23.  Plaintiff repeats, reiterates and realleges each and every allegation as set forth above with the same force and effect as if fully set forth herein.

24.  In entering into the transactions at issue, plaintiff and plaintiff's predecessor relied directly upon the express representations of defendant with regard to the Lease Agreements and related documents.

25.  Defendant entered into the Lease Agreements and related documents full knowledge of plaintiff's and plaintiff's predecessor's reliance upon its representations therein and, indeed, made said representations to induce plaintiff and plaintiff's predecessor to rely thereon.

4

26.  Plaintiff has been injured as a direct and proximate result of the defendant's failure to honor the express representations in the Equipment Leases and related documents.

27.  Based upon the foregoing, defendant is now estopped from disputing the representations in the Equipment Leases and related documents.

### AS AND FOR PLAINIFF'S FOURTH CAUSE OF ACTION

28.  Plaintiff repeats, reiterates and realleges each and every allegation as set forth above with the same force and effect as if fully set forth herein.

29.  As a result of defendant's conduct as set forth above, defendant has been unjustly enriched.

30.  Plaintiff is entitled to recovery under the doctrines of quasi contract, quantum meruit and unjust enrichment and otherwise.

### AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

31.  Plaintiff repeats, reiterates and realleges each and every allegation as set forth above with the same force and effect as if fully set forth herein.

32.  Defendant's actions as set forth above constitute an intentional and knowing conversion of the plaintiff's assets and property.

33.  Plaintiff has been severely injured as a direct and proximate result of defendant's conversion of plaintiff's assets and property.

WHEREFORE, plaintiff demands judgment against the defendant, Interboro Institute, Inc. as follows:

On the First Count, in the amount of NINETY ONE THOUSAND SIX HUNDRED NINETY

TWO DOLLARS AND 42/100 ($91,692.42) and for immediate and permanent title and possession of the equipment which is the subject of Lease 1; and

On the Second Count, the amount of EIGHTY THOUSAND ONE HUNDRED SIXTEEN AND 26/100 ($80,116.26) and for immediate and permanent title and possession of the equipment which is the subject of Lease 2; and

On the Third Count, in the amount of ONE HUNDRED SEVENTY TWO ONE THOUSAND EIGHT HUNDRED EIGHTY DOLLARS AND 68/100 ($171,808.68) and for immediate and permanent title and possession of the equipment which is the subject of the Leases; and

On the Fourth Count, in the amount of ONE HUNDRED SEVENTY TWO ONE THOUSAND EIGHT HUNDRED EIGHTY DOLLARS AND 68/100 ($171,808.68) and for immediate and permanent title and possession of the equipment which is the subject of the Leases; and

On the Fifth Count, for the reasonable value of the equipment and monies provided to the defendant.

All of the above together with accruing interest, late charges, attorneys' fees, interest and costs and disbursements of this case and such other and further relief as this court may deem just and proper.

Dated:                                    /s/  Frank Peretore, Esq.
                                          Frank Peretore, Esq.
                                          (Pursuant to NYCRR 130-1.1(a))
                                          PERETORE & PERETORE, P.C.
                                          Attorneys for the Plaintiff
                                          110 Park Street
                                          Staten Island, New York 10306
                                          (718) 667-8785

**EXHIBIT A**

24693826


**Atlantic**
Leasurossffice.com
A Program of De Lage Landen Financial Services

**Lease Agreement**
PHONE: (800) 735-3273
FACSIMILE: (800) 776-2329

| LESSEE | | |
|---|---|---|
| Full Legal Name | Interboro Institute, Inc. | Phone Number (212) 399-0093 |
| DBA Name (if any) | | Purchase Order Requisition Number |
| Billing Address | 450 West 56th St. Ny, Ny 10019 | Send Invoice to Attention of: |

**EQUIPMENT INFORMATION**

| Equipment Make | Model No. | Serial Number | Description (Attach Separate Schedule if Necessary) |
|---|---|---|---|
| | | | See schedule attached. |
| | | | |
| | | | |
| | | | |
| | | | |

Equipment Location (if not same as above)
Flushing, Washington Heights, Yonkers campuses.

**PAYMENT INFORMATION**

| Number of Lease Payments | Lease Payment | (PLUS) | Sales Tax | (EQUALS) | Total Lease Payment |
|---|---|---|---|---|---|
| 39 | $5690 | + | = | | |
| | | + | = | | |
| | | + | = | | |
| | | + | = | | |

Term of Lease in Months: 39
Payment Frequency ☒ Monthly ☐ Quarterly ☐ Other
End of Lease Option: End of Lease Purchase Option shall be FMV unless another option is selected.
☒ FMV ☐ 10% ☐ $1 ☐ Other

Security Deposit (PLUS) First Payment Period (PLUS) Other (EQUALS) Total Payment Enclosed
Ø + Ø + Ø - Ø

**LESSEE SIGNATURE**

You agree to all of the Terms and Conditions contained in both sides of this Lease, and in any attachments to same (all of which are included by reference) and become part of this Agreement. You acknowledge to have read and agreed to all the Terms and Conditions and understand that this is a non-cancelable agreement for the full term shown above.

You acknowledge that the leased equipment is: ☒ NEW ☐ USED

Signature _____
Date 2/11/06
Print Name Richman Goldenberg
Title CFO
Legal Name of Corporation or Partnership

(AGREEMENT MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER, PARTNER OR PROPRIETOR)

## TERMS & CONDITIONS

Please read YOUR copy of this Lease carefully and feel free to ask US any questions YOU may have about it. Words "YOU" and "YOUR" refer to the "Lessee" and the words "WE", "US" and "OUR" refer to De Lage Landen Financial Services, Inc., the "Lessor" of the Equipment.

1. **LEASE:** WE agree to lease to YOU and YOU agree to lease from US, the Equipment listed above (and on any attached schedule) including all replacement parts, repairs, additions and accessories ("Equipment") on the terms and conditions of this Lease and on any attached schedule.

2. **TERM:** The Lease goes into effect and the term of the Lease begins when it is signed and accepted by US (the "Commencement Date"). The first Lease Payment is due on the date WE accept the Lease or any later date designated by US. If WE designate the Lease Payments to begin later than the Commencement Date, YOU will pay an interim Lease Payment for use of the Equipment for the period from the Commencement Date until the first Lease Payment due date, calculated on the amount of the Lease Payments, the number of days in the period, and a year of 360 days. Subsequent Lease Payments will be due as invoiced by US for successive months until the balance of the Lease Payments and any additional Lease Payments or expenses chargeable to YOU under this Lease are paid in full. YOUR obligation to pay the Lease Payments and other Lease obligations is absolute and unconditional and is not subject to cancellation, reduction, setoff or counterclaim. THIS AGREEMENT IS NON-CANCELABLE.

3. **LATE CHARGES/DOCUMENTATION FEES:** If a Lease Payment is not made when due, YOU will pay US, within one month, a late charge of 5% of the payment or $10.00, whichever is greater, but only to the extent permitted by law.

4. **DELIVERY AND ACCEPTANCE:** YOU are responsible, at YOUR own cost, to arrange for the delivery and installation of the Equipment (unless such costs are included in the cost of the Equipment to US). YOU agree to accept the Equipment when it is delivered and to sign the Equipment Acceptance supplied by US. We may at OUR discretion confirm by telephone that YOU have accepted the

(Terms and Conditions continued on the reverse side of this Agreement.)

**GUARANTY**

To induce us to enter this Lease, the undersigned unconditionally guarantees the prompt payment of all the Lessee's obligations under the Lease. We are not required to proceed against the Lessee or the Equipment or enforce other remedies before proceeding against the undersigned. The undersigned waives notice of acceptance and all other notices or demand of any kind to which the undersigned may be entitled. The undersigned consents to any extensions or modification granted to the Lessee and the makes and/or compromise of any obligations of the Lessee or any other guarantors without releasing the undersigned from his or her obligations. This is a continuing guarantee and will remain in effect in the event of the death of the undersigned, and will bind the heirs, administrators, representatives, successors and assigns of undersigned and may be enforced by or for the benefit of any assignee or successor of us. This guaranty is governed by and constituted in accordance with the Laws of the Commonwealth of Pennsylvania and I consent to non-exclusive jurisdiction in any state or federal court in Pennsylvania and waive trial by jury.

| | |
|---|---|
| Signature | Date |
| Print Name | |
| Home Address | |
| Soc. Sec. No. | Phone |
| Signature | Date |
| Print Name | |
| Home Address | |
| Soc. Sec. No | Phone |

**ACCEPTANCE**

You acknowledge that the Equipment shown above has been received, has been put in use, is in good working order and is satisfactory and acceptable.

| | |
|---|---|
| Signature | Date |
| Print Name | |
| Title | |
| Legal Name of Corporation or Partnership | |

**LESSOR**

Lessor Signature _____ Date 3/21/06
Print Name
Title
For **DE LAGE LANDEN FINANCIAL SERVICES, INC.**
Lease Number 24013822
Lease Commencement Date
Vendor I.D. Number

Equipment and this telephone verification of YOUR acceptance of the Equipment shall have the same effect as a signed Equipment Acceptance.

**5. USE, MAINTENANCE, REPAIR, SUPPLIES AND WARRANTIES:** We are leasing the Equipment to YOU "AS-IS" and WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE. We transfer to YOU for the term of this Lease all warranties, if any, made by the manufacturer. YOU ALSO ACKNOWLEDGE THAT NO ONE IS AUTHORIZED TO WAIVE OR CHANGE ANY TERM, PROVISION OR CONDITION OF THIS LEASE AND EXCEPT FOR THE MANUFACTURER WARRANTIES, MAKE ANY REPRESENTATION OR WARRANTY ABOUT THIS LEASE OR THE EQUIPMENT. WE SHALL NOT BE LIABLE FOR SPECIAL, RESULTING OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT OCCASIONED BY ANY BREACH OF WARRANTY OR REPRESENTATION OR RESULTING FROM THE USE OR PERFORMANCE OF THE EQUIPMENT. YOUR OBLIGATION TO PAY IN FULL ANY AMOUNT DUE UNDER THE LEASE WILL NOT BE AFFECTED BY ANY DISPUTE, CLAIM, COUNTERCLAIM, DEFENSE OR OTHER RIGHT WHICH YOU MAY HAVE OR ASSERT AGAINST THE SUPPLIER OR THE EQUIPMENT MANUFACTURER.

**6. TITLE, PERSONAL PROPERTY, LOCATION AND INSPECTION:** Unless you have a $1.00 purchase option, WE will have to title to the Equipment. If YOU have a $1.00 purchase option and/or the Lease is deemed to be a security agreement, YOU grant US a security interest in the Equipment and all proceeds thereof. YOU have the right to use the Equipment for the full Lease term provided YOU comply with theterms and conditions of this Lease. Although the Equipment may become attached to real estate, it remains personal property and YOU agree not to permit a lien to be placed upon the Equipment or to remove the Equipment without OUR prior written consent. If WE feel it is necessary, YOU agree to provide US with waivers of interest or liens, from anyone claiming any interest in the real estate on which any item of Equipment is located. We also have the right, at reasonable times, to inspect the Equipment.

**7. MAINTENANCE:** YOU are required, at YOUR own cost and expense, to keep the Equipment in good repair, condition and working order, except for ordinary wear and tear, and YOU will supply all parts and servicing required. All replacement parts used or installed and repairs made to the Equipment will become OUR property.
IN THE EVENT THE LEASE PAYMENTS INCLUDE THE COST OF MAINTENANCE AND/OR SERVICE BEING PROVIDED BY THE SUPPLIER AND/OR THE MANUFACTURER, YOU ACKNOWLEDGE THAT WE ARE NOT RESPONSIBLE FOR PROVIDING ANY REQUIRED MAINTENANCE AND/OR SERVICE FOR THE EQUIPMENT. YOU WILL MAKE ALL CLAIMS FOR SERVICE AND/OR MAINTENANCE SOLELY TO THE SUPPLIER AND/OR MANUFACTURER AND SUCH CLAIMS WILL NOT AFFECT YOUR OBLIGATION TO MAKE ALL REQUIRED LEASE PAYMENTS.

**8. ASSIGNMENT:** YOU AGREE NOT TO TRANSFER, SELL, SUBLEASE, ASSIGN, PLEDGE OR ENCUMBER EITHER THE EQUIPMENT OR ANY RIGHTS UNDER THIS LEASE WITHOUT OUR PRIOR WRITTEN CONSENT. YOU agree that WE may sell, assign or transfer this Lease and if WE do, the new owner will have the same rights and benefits that WE now have and will not have to perform any of OUR obligations and that the rights of the new owner will not be subject to any claims, defenses, or set-offs that YOU may have against US.

**9. REDELIVERY AND RENEWAL:** Upon at least sixty (60) but not more than one hundred twenty (120) days written notice to US prior to the expiration of the Lease term, YOU shall advise US of YOUR intention to return the Equipment to US at the end of the Lease term. Provided YOU have given such timely notice, YOU shall return the Equipment, freight and insurance prepaid, to US in good repair, condition and working order, ordinary wear and tear excepted, in a manner and to a location designated by US. If YOU fail to notify US, or having notified US, YOU fail to return the Equipment as provided herein, this Lease shall renew for consecutive twelve (12) month periods and YOU agree to continue to make Lease Payments at the same monthly Lease Payments as set forth in the Lease subject to the right of either party to terminate the Lease upon sixty (60) days written notice, in which case YOU will immediately deliver the Equipment to US as stated in this paragraph.

**10. LOSS OR DAMAGE:** YOU are responsible for the risk of loss or destruction of, or damage to the Equipment. No such loss or damage relieves YOU from any obligation under this Lease.

**11. INDEMNITY:** We are not responsible for any losses or injuries caused by the installation or use of the Equipment. YOU agree to reimburse US for and to defend US against any claim for losses or injuries caused by the Equipment. This indemnity will continue even after the termination of this Lease.

**12. TAXES:** YOU agree to pay all license and registration fees, sale and use taxes, personal property taxes and all other taxes and charges, relating to the ownership, leasing, rental, sale, purchase, possession or use of the Equipment as part of the Lease Payment or as billed by US. YOU agree that if WE pay any taxes or charges on YOUR behalf, YOU will reimburse US for all such payments and will pay US interest and a late charge (as calculated in Section 3) on such payments with the next Lease Payment, plus a fee for OUR collecting and administering any taxes, assessments or fees and remitting them to the appropriate authorities. YOU will indemnify US on an after-tax basis against the loss of any tax benefits anticipated at the Commencement Date arising out of YOUR acts or omissions.

**13. INSURANCE:** During the term of this Lease, YOU will keep the Equipment insured against all risks of loss or damage in an amount not less than the replacement cost of the Equipment, without deductible and without co-insurance. YOU will also obtain and maintain for the term of this Lease, comprehensive public liability insurance covering both personal injury and property damage of at least $100,000 per person and $300,000 per occurrence for bodily injury and $50,000 for property damage. We will be the sole named loss payee on the property insurance and named as an additional insured on the public liability insurance. YOU will pay all premiums for such insurance and must deliver proof of insurance coverage satisfactory to US. If YOU do not provide such insurance, YOU agree that WE have the right, but not the obligation, to obtain such insurance and add an insurance fee to the amount due from you, on which we make a profit.

**14. DEFAULT:** YOU are in default of this Lease if any of the following occurs: a) YOU fail to pay any Lease Payment or other sum when due; b) YOU breach any warranty or other obligation under this Lease, or any other agreement with US. c) YOU, any partner or any guarantor dies, YOU become insolvent or unable to pay YOUR debts when due; YOU stop doing business as a going concern; YOU merge, consolidate, transfer all or substantially all of YOUR assets; YOU make an assignment for the benefit of creditors or YOU undergo a substantial deterioration in YOUR financial condition, or d) YOU, any guarantor or any partner, voluntarily file or have filed against YOU or it involuntarily, a petition for liquidation, reorganization, adjustment of debt or similar relief under the Federal Bankruptcy Code or any other present or future federal or state bankruptcy or insolvency law, or a trustee, receiver or liquidator is appointed for YOU or it or a substantial part of YOUR or its assets.

**15. REMEDIES:** WE have the following remedies if YOU are in default of this Lease: WE may declare the entire balance of the unpaid Lease Payments for the full term immediately due and payable, sue for and receive all Lease Payments and any other payments then accrued or accelerated under this Lease or any other agreement plus the estimated fair market value of the Equipment at the end of the originally scheduled term or the End of Lease Option Price ("Residual"), and all accelerated Lease Payments and the Residual will be discounted to the date of the default at the lesser of (a) per annum interest rate equivalent to that of a U.S.

Treasury constant maturity obligation (as reported by the U.S. Treasury Department) that would have a repayment term equal to the remaining Lease term, all as reasonably determined by US, or (b) 3% per annum, but only to the extent permitted by law; charge YOU interest on all monies due US at the rate of eighteen percent (18%) per year from the date of default until paid, but in no event more than the maximum rate permitted by law; charge YOU a return-check or non-sufficient funds charge ("NSF Charge") of $25.00 for a check that is returned for any reason; and require that YOU return the Equipment to US and in the event YOU fail to return the Equipment, enter upon the premises peaceably with or without legal process where the Equipment is located and repossess the Equipment. Such return or repossession of the Equipment will not constitute a termination of this Lease unless WE expressly notify YOU in writing. In the event the Equipment is returned or repossessed by US and unless WE have terminated this Lease, WE will sell or re-rent the Equipment to any persons with any terms WE determine, at one or more public or private sales, with or without notice to YOU, and apply the net proceeds after deducting the costs and expenses of such sale or re-rent, to YOUR obligations with YOU remaining liable for any deficiency and with any excess being retained by US. The credit for any sums to be received by US from any such rental shall be discounted to the date of the agreement at six percent (6%) per year.
YOU are also required to pay (i) all expenses incurred by US in connection with the enforcement of any remedies, including all expenses of repossessing, storing, shipping, repairing and selling the Equipment, and (ii) reasonable attorneys' fees.

**16. PURCHASE OPTION:** Upon expiration of the Lease term, provided YOU are not in default, YOU shall have the option to purchase all but not than less than all of the Equipment on the terms as indicated in the End of Lease Options checked above. We will use OUR reasonable judgment to determine the Equipment's fair market value for all FMV purchase options which shall be based on the Equipment remaining in place.

**17. SECURITY DEPOSIT:** Any security deposit is non-interest bearing. We may apply any security deposit to cure any default by YOU, in which event YOU will promptly restore any amount so applied. If YOU are not in default, any security deposit will be returned to YOU at the termination of this Lease.

**18. WARRANTIES:** YOU warrant and represent that the Equipment will be used for business purposes, and not for personal, family or household purposes.

**19. UCC FILINGS AND FINANCIAL STATEMENTS:** YOU authorize US to file a financing statement with respect to the Equipment and grant US the right to sign such financing statement on YOUR behalf. If WE feel it is necessary, YOU agree to submit financial statements (audited if available) on a quarterly basis.

**20. UCC — ARTICLE 2A PROVISIONS:** YOU agree that this Lease is a Finance Lease as that term is defined in Article 2A of the Uniform Commercial Code ("UCC"). YOU acknowledge that WE have given YOU the name of the Supplier of the Equipment. We hereby notify YOU that YOU may have rights under the contract with the Supplier and YOU may contact the Supplier for a description of any rights or warranties that YOU may have under this supply contract. YOU also waive any and all rights and remedies granted YOU under Sections 2A-508 through 2A-522 of the UCC.

**21. CHOICE OF LAW:** This Lease shall be deemed fully executed and performed in the Commonwealth of Pennsylvania and shall be governed and construed in accordance with the laws thereof. YOU consent to and agree that non-exclusive jurisdiction, personal or otherwise, over YOU and the Equipment shall be with the Courts of the Commonwealth of Pennsylvania or the Federal District Court for the Eastern District of Pennsylvania solely at our option with respect to any provision of this Lease. YOU also agree to waive YOUR right to a trial by jury.

**22. ENTIRE AGREEMENT; SEVERABILITY; WAIVERS:** This Lease contains the entire agreement and understanding. No agreements or understandings are binding on the parties unless set forth in writing and signed by the parties. Any provision of this Lease which for any reason may be held unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective without invalidating the remaining provisions of this Lease. THIS LEASE IS NOT INTENDED FOR TRANSACTIONS WITH AN EQUIPMENT COST LESS THAN $1,000.

Initials ____

©2004 All Rights Reserved  Printed in the U.S.A  04ABP013  7/04

04ABP013

# SCHEDULE A

SCHEDULE FORMING PART OF LEASE BETWEEN LESSOR,    DE LAGE LANDEN FINANCIAL SERVICES INC

AND   INTERBORO INSTITUTE, INC                                                                , LESSEE,

DATE: _____    LEASE NUMBER: _____

DESCRIPTION OF EQUIPMENT:

1 Ricoh 1515MF
3 Toshiba es282  MR3010 RADF, GM2020 print/scan, GD1150 fax option, stand (1 with coin box)
1 Toshiba es800  MJ1027 finisher, GM2040 print/scan, GD1170 fax option, GP1050 PCI slot
2 Ricoh IS760D NIC card

1 Ricoh 1515MF
2 Toshiba es282  MR3010 RADF, GM2020 print/scan, GD1150 fax option, stand (1 with coin box)
1 Toshiba es800  MJ1027 finisher, GM2040 print/scan, GD1170 fax option, GP1050 PCI slot
1 Ricoh IS760D NIC card
1 Fujitsu scanner

1 Ricoh 1515MF
2 Toshiba es282  MR3010 RADF, GM2020 print/scan, GD1150 fax option, stand

3 Ricoh ES200e

THIS SCHEDULE SHALL HERE AFTER FORM PART OF THE AFOREMENTIONED LEASE.

YOU AGREE THAT A FACSIMILE COPY OF THIS DOCUMENT WITH FACSIMILE SIGNATURES MAY BE TREATED AS AN ORIGINAL AND WILL BE ADMISSIBLE AS EVIDENCE IN A COURT OF LAW.

LESSEE SIGNATURE
Signature X _____ (LEASE MUST BE SIGNED BY AUTHORIZED OFFICER, PARTNER OR PROPRIETOR)
Print Name   Richard Donovan
Title   CFO
For   Interboro Institute     Date _____   Legal Name of Corporation or Partnership

ACCEPTED BY LESSOR
Signature _____
Print Name _____
For _____  Legal Name of Corporation or Partnership

©2003 All Rights Reserved  Printed in the U.S.A.  83X3.775  2/03

# SCHEDULE A

SCHEDULE FORMING PART OF LEASE BETWEEN LESSOR, __DE LAGE LANDEN FINANCIAL SERVICES INC__

AND __INTERBORO INSTITUTE, INC__ _____ , LESSEE,

DATE: _____, _____ LEASE NUMBER: _____

DESCRIPTION OF EQUIPMENT:

1 Ricoh 1515MF
3 Toshiba es282  MR3010 RADF, GM2020 print/scan, GD1150 fax option, stand (1 with coin box)
1 Toshiba es600  MJ1027 finisher, GM2040 print/scan, GD1170 fax option, GP1050 PCI slot
2 Ricoh  IS760D  NIC card

1 Ricoh 1515MF
2 Toshiba es282  MR3010 RADF, GM2020 print/scan, GD1150 fax option, stand (1 with coin box)
1 Toshiba es600  MJ1027 finisher, GM2040 print/scan, GD1170 fax option, GP1050 PCI slot
1 Ricoh  IS760D  NIC card
1 Fujitsu  scanner

1 Ricoh 1515MF
2 Toshiba es282  MR3010 RADF, GM2020 print/scan, GD1150 fax option, stand

THIS SCHEDULE SHALL HERE AFTER FORM PART OF THE AFOREMENTIONED LEASE.

YOU AGREE THAT A FACSIMILE COPY OF THIS DOCUMENT WITH FACSIMILE SIGNATURES MAY BE TREATED AS AN ORIGINAL AND WILL BE ADMISSIBLE AS EVIDENCE IN A COURT OF LAW.

<table>
<tr><td rowspan="4">LESSEE SIGNATURE</td><td>Signature X _____<br><span style="font-size:small">LEASE MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER, PARTNER OR PROPRIETOR</span></td></tr>
<tr><td>Print Name _____</td></tr>
<tr><td>Title __CFO__ _____ Date _____</td></tr>
<tr><td>For __Interboro Institute Inc__ <span style="font-size:small">Legal Name of Corporation or Partnership</span></td></tr>
<tr><td rowspan="3">ACCEPTED BY LESSOR</td><td>Signature X _____</td></tr>
<tr><td>Print Name _____</td></tr>
<tr><td>For _____ <span style="font-size:small">Legal Name of Corporation or Partnership</span></td></tr>
</table>

©2003 All Rights Reserved  Printed in the U.S.A  03DLL775  2/03

03DLL775

**EXHIBIT B**

# DELIVERY AND ACCEPTANCE

LEASE COMMENCEMENT DATE _____     LEASE NUMBER _____

**LESSEE**

Full Legal Name  INTERBORO INSTITUTE, INC.     DBA Name (If Any) _____

Billing Address  450 WEST 56TH STREET     Phone Number  (212) 399-0093

City  NEW YORK     County _____     State  NY     Zip Code  10019

**EQUIPMENT INFORMATION**

Equipment Location  Washington Heights, Flushing and Yonkers campuses
(If not same as above)

City _____     County _____     State _____     Zip Code _____

| Quantity | Model Number | Description (Attach Schedule II Necessary) |
|---|---|---|
| 3 | 411822 | Ricoh 1515MF  15ppm MFP desktop (copy, print, scan, fax) |
| 7 | es282 | Toshiba e-Studio 282  28ppm MFP with RADF, stand, print/scan, fax |
| 2 | es600 | Toshiba e-Studio 600, 60ppm MFP with print/scan, fax, finisher |
| 3 | 402334 | Ricoh Image Scanner IS200e |
| 3 | 402055 | Ricoh Color Scanner IS760D with network scanning unit type A (pn 402011) |

Lessee certifies that all of the above described Equipment leased from Lessor has been received in good condition, installed, operates properly, and is, therefore unconditionally accepted for purposes of the Lease. Lessee authorizes Lessor to pay the vendor for the Equipment.

DISCLAIMER OF WARRANTIES. Lessee has selected both the Equipment and the supplier from who Lessor covenant to purchase the Equipment at Lessee's request.  LESSEE ACKNOWLEDGES THAT LESSOR HAS NO EXPERTISE OR SPECIAL FAMILIARITY ABOUT  OR WITH RESPECT TO THE EQUIPMENT. LESSEE AGREES THAT THE EQUIPMENT LEASED HEREUNDER IS LEASED "AS-IS" AND IS OF A SIZE, DESIGN AND CAPACITY SELECTED BY LESSEE AND THAT LESSEE IS SATISFIED THAT THE SAME IS SUITABLE FOR LESSEE'S PURPOSES, AND THAT LESSOR HAS MADE NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE SUITABILITY OR DURABILITY OF SAID EQUIPMENT FOR THE PURPOSES AND USES OF LESSEE, OR ANY OTHER REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED WITH RESPECT THERETO, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. LESSOR FURTHER DISCLAIMS ANY LIABILITY FOR LOSS, DAMAGE OR INJURY TO LESSEE OR THIRD PARTIES AS A RESULT OF ANY DEFECTS, LATENT OR OTHERWISE IN THE EQUIPMENT WHETHER ARISING FROM THE APPLICATION OF THE LAWS OF STRICT LIABILITY OR OTHERWISE. If the Equipment is not properly installed, does not operate as represented or warranted by the supplier and/or manufacturer, or is unsatisfactory for any reason, Lessee shall make any claim on account thereof solely against the supplier and/or manufacturer and shall, nevertheless, pay Lessor all Lease Payment under this Lease and shall not set up against Lessee's obligations any such claims as a defense, counterclaim, set-off or otherwise. So long as Lessee is not in breach or default of this Lease, Lessor hereby assigns to Lessee, solely for the purpose of making and prosecuting any such claim, any rights which Lessor may have against the supplier and/or manufacturer for breach of warranty or other representation respecting any item of Equipment.  Any proceeds of any warranty recovery by Lessee from the supplier and/or manufacturer of any item of Equipment shall first be used to repair or replace the affected item of Equipment.

THE LESSEE ACKNOWLEDGES THAT NEITHER THE SUPPLIER NOR ANY SALESMAN, EMPLOYEE, REPRESENTATIVE OR AGENT OF THE SUPPLIER IS AN AGENT OR REPRESENTATIVE OF LESSOR, AND THAT NONE OF THE ABOVE IS AUTHORIZED TO WAIVE OR ALTER ANY TERM, PROVISION OR CONDITION OF THIS LEASE OR MAKE ANY REPRESENTATION OR WARRANTY WITH RESPECT TO THIS LEASE OR THE EQUIPMENT LEASED HEREUNDER. Lessee further acknowledges and agrees that Lessee, executing this Lease, has relied solely upon the terms, provisions and conditions contained herein, and any other statements, warranties, or representations, if any, by the supplier or any salesman, employee, representative or agent of the supplier, have not been relied upon, and shall not in any way affect Lessee's obligation to make the Lease Payments and otherwise perform as set forth in this Lease.

NOTICE TO LESSEE:  PLEASE RETAIN THIS ACCEPTANCE WHICH IS TO BE SIGNED AND MAILED TO 1111 OLD EAGLE SCHOOL ROAD, WAYNE, PA  19087, USA AFTER THE EQUIPMENT HAS BEEN DELIVERED AND ACCEPTED.

DO NOT SIGN THIS DELIVERY AND ACCEPTANCE RECEIPT UNTIL YOU HAVE ACTUALLY RECEIVED ALL OF THE EQUIPMENT SET FORTH ABOVE.

YOU AGREE THAT A FACSIMILE COPY OF THIS DOCUMENT WITH FACSIMILE SIGNATURES MAY BE TREATED AS AN ORIGINAL AND WILL BE ADMISSIBLE AS EVIDENCE IN A COURT OF LAW.

**LESSEE SIGNATURE**

Signature X _____ (LEASE MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER, OWNER OR PROPRIETOR)

Print Name _____

Title  CFO     Date  3/10/06

For  INTERBORO INSTITUTE, INC. (Legal Name of Corporation or Partnership)

**OFFICE USE ONLY**

Name of Authorized person verifying Delivery and Acceptance of Equipment _____

Signature of Employee who made Telephone Verification X _____

Date of Telephone Verification _____

050EDOC092

©2005 All Rights Reserved. Printed in the U.S.A. 050EDOC092  01/05

**EXHIBIT C**



November 27, 2006

De Lage Landen Financial Services
1111 Old Eagle School Road
Wayne, PA 19087
610 386 5000

Interboro Institute, Inc.
450 West 56th Street
New York, NY  10019

Reference is hereby made to those certain Lease Schedules as fully described on
Attachment A between Interboro Institute, Inc. ("Lessee") and De Lage Landen Financial
Services, Inc. ("Lessor") (the "Lease").

This will serve as notice to you that Lessor has assigned to National City Commercial
Capital Corporation ("NCCCC") all rights and interests Lessor has in the Lease.  All
payments and fees due from you under the Leases should be forwarded to NCCCC at its
stated address:

Sincerely,
De Lage Landen Financial Services, Inc.

BY:

PRINT NAME:  Bennett F. Viverito
TITLE:  Vice President, Capital Markets

De Lage Landen has offices in more than 20 countries throughout Europe, the Americas,
and Asia Pacific. The company is part of the Rabobank Group

**EXHIBIT D**



**Atlantic**
delagelandenfinancial.com
A Program of De Lage Landen Financial Services

24693856

## Lease Agreement
PHONE: (800) 735-3273
FACSIMILE: (800) 776-2329

### LESSEE

| Full Legal Name | Phone Number |
|---|---|
| *Interboro Institute, Inc.* | *(212) 399-0093* |

| DBA Name (if any) | Purchase Order Requisition Number |
|---|---|
| | |

| Billing Address | Send Invoice to Attention of: |
|---|---|
| *450 W. 56th St. NY, NY 10019* | |

### EQUIPMENT INFORMATION

| Equipment Make | Model No | Serial Number | Description (Attach Separate Schedule If Necessary) |
|---|---|---|---|
| | | | *see schedule attached.* |
| | | | |
| | | | |
| | | | |

Equipment Location (if not same as above)

### PAYMENT INFORMATION

| Number of Lease Payments | Lease Payment | (PLUS) | Sales Tax | (EQUALS) | Total Lease Payment |
|---|---|---|---|---|---|
| *39* | *$3293.* | + | = | | |
| | | + | = | | |
| | | + | = | | |
| | | + | = | | |

Term of Lease in Months *39*   Payment Frequency ☒Monthly ☐ Quarterly ☐ Other
End of Lease Option ☐ End of Lease Purchase Option shall be FMV unless another option is selected.
☒FMV ☐10% ☐$1 ☐Other

| Security Deposit | (PLUS) | First Payment Period | (PLUS) | Other | (EQUALS) | Total Payment Enclosed |
|---|---|---|---|---|---|---|
| *0* | | *0* | | *0* | | *0* |

### LESSEE SIGNATURE

You agree to all of the Terms and Conditions contained in both sides of this Lease, and in any attachments to same (all of which are excluded by reference) and become part of this Agreement. You acknowledge to have read and agreed to all the Terms and Conditions and understand that this is a non-cancelable agreement for the full term shown above.

You acknowledge that the leased equipment is ☒NEW ☐ USED

Signature X _(signature)_

Date *2/1/06*

Print Name *Richard Goldstein*

Title *CFO*

Legal Name of Corporation or Partnership *Interboro Institute Inc*

(AGREEMENT MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER, PARTNER OR PROPRIETOR)

## TERMS & CONDITIONS

Please read YOUR copy of this Lease carefully and feel free to ask US any questions YOU may have about it. Words "YOU" and "YOUR" refer to the "Lessee" and the words "WE", "US" and "OUR" refer to De Lage Landen Financial Services, Inc., the "Lessor" of the Equipment.

**1. LEASE:** WE agree to lease to YOU and YOU agree to lease from US, the Equipment listed above (and on any attached schedule) including all replacement parts, repairs, additions and accessories ("Equipment") on the terms and conditions of this Lease and on any attached schedule.

**2. TERM:** The Lease goes into effect and the term of the Lease begins when it is signed and accepted by US (the "Commencement Date"). The first Lease Payment is due on the date WE accept the Lease or any later date designated by US. If WE designate the Lease Payments to begin later than the Commencement Date, YOU will pay an interim Lease Payment for use of the Equipment for the period from the Commencement Date until the first Lease Payment due date, calculated on the amount of the Lease Payments, the number of days in the period, and a year of 360 days. Subsequent Lease Payments will be due as invoiced by US for successive months until the balance of the Lease Payments and any additional Lease Payments or expenses chargeable to YOU under this Lease are paid in full. YOUR obligation to pay the Lease Payments and other Lease obligations is absolute and unconditional and is not subject to cancellation, reduction, setoff or counterclaim. THIS AGREEMENT IS NON-CANCELABLE.

**3. LATE CHARGES/DOCUMENTATION FEES:** If a Lease Payment is not made when due, YOU will pay US, within one month, a late charge of 5% of the payment or $10.00, whichever is greater, but only to the extent permitted by law.

**4. DELIVERY AND ACCEPTANCE:** YOU are responsible, at YOUR own cost, to arrange for the delivery and installation of the Equipment (unless such costs are included in the cost of the Equipment to US). YOU agree to accept the Equipment when it is delivered and to sign the Equipment Acceptance supplied by US. WE may at OUR discretion confirm by telephone that YOU have accepted the Equipment to US). YOU agree to accept the Equipment (this Agreement.)

(Terms and Conditions continued on the reverse side of this Agreement.)

### GUARANTY

To induce us to enter this Lease, the undersigned unconditionally guarantees the prompt payment of all the Lessee's obligations under the Lease. We are not required to proceed against the Lessee or the Equipment or enforce other remedies before proceeding against the undersigned. The undersigned waives notice of acceptance and all other notices or demand of any kind to which the undersigned may be entitled. The undersigned consents to any extensions or modification granted to the Lessee and the release and/or compromise of any obligations of the Lessee or any other guarantors without releasing the undersigned from his or her obligations. This is a continuing guaranty and will remain in effect in the event of the death of the undersigned, and will bind the heirs, administrators, representatives, successors and assigns of undersigned and may be enforced by or for the benefit of any assignee or successor of us. This guaranty is governed by and constituted in accordance with the Laws of the Commonwealth of Pennsylvania and I consent to non-exclusive jurisdiction in any state or federal court in Pennsylvania and waive trial by jury.

| Signature | Date |
|---|---|
| | |

| Print Name | |
|---|---|

| Home Address | |
|---|---|

| Soc. Sec. No. | Phone |
|---|---|

| Signature | Date |
|---|---|

| Print Name | |
|---|---|

| Home Address | |
|---|---|

| Soc. Sec. No. | Phone |
|---|---|

### ACCEPTANCE

You acknowledge that the Equipment shown above has been received, has been put in use, is in good working order and is satisfactory and acceptable

| Signature | Date |
|---|---|
| | |

Print Name

Title

Legal Name of Corporation or Partnership

### LESSOR

Lessor Signature _(signature)_  Date *3/24/06*

Print Name

Title

For

**DE LAGE LANDEN FINANCIAL SERVICES, INC.**

Lease Number *24693856*

Lease Commencement Date

Vendor I D Number

Equipment and this telephone verification of YOUR acceptance of the Equipment shall have the same effect as a signed Equipment Acceptance.

**5. USE, MAINTENANCE, REPAIR, SUPPLIES AND WARRANTIES:** We are leasing the Equipment to YOU "AS-IS" and WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE. We transfer to YOU for the term of this Lease all warranties, if any, made by the manufacturer.

YOU ALSO ACKNOWLEDGE THAT NO ONE IS AUTHORIZED TO WAIVE OR CHANGE ANY TERM, PROVISION OR CONDITION OF THIS LEASE AND EXCEPT FOR THE MANUFACTURER WARRANTIES, MAKE ANY REPRESENTATION OR WARRANTY ABOUT THIS LEASE OR THE EQUIPMENT. WE SHALL NOT BE LIABLE FOR SPECIAL, RESULTING OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT OCCASIONED BY ANY BREACH OF WARRANTY OR REPRESENTATION OR RESULTING FROM THE USE OR PERFORMANCE OF THE EQUIPMENT. YOUR OBLIGATION TO PAY IN FULL ANY AMOUNT DUE UNDER THE LEASE WILL NOT BE AFFECTED BY ANY DISPUTE, CLAIM, COUNTERCLAIM, DEFENSE OR OTHER RIGHT WHICH YOU MAY HAVE OR ASSERT AGAINST THE SUPPLIER OR THE EQUIPMENT MANUFACTURER.

**6. TITLE, PERSONAL PROPERTY, LOCATION AND INSPECTION:** Unless you have a $1.00 purchase option, WE will have to title to the Equipment. If YOU have a $1.00 purchase option and/or the Lease is deemed to be a security agreement, YOU grant US a security interest in the Equipment and all proceeds thereof. YOU have the right to use the Equipment for the full Lease term provided YOU comply with the terms and conditions of this Lease. Although the Equipment may become attached to real estate, it remains personal property and YOU agree not to permit a lien to be placed upon the Equipment or to remove the Equipment without OUR prior written consent. If WE feel it is necessary, YOU agree to provide US with waivers of interest or liens, from anyone claiming any interest in the real estate on which any item of Equipment is located. We also have the right, at reasonable times, to inspect the Equipment.

**7. MAINTENANCE:** YOU are required, at YOUR own cost and expense, to keep the Equipment in good repair, condition and working order, except for ordinary wear and tear, and YOU will supply all parts and servicing required. All replacement parts used or installed and repairs made to the Equipment will become OUR property.

IN THE EVENT THE LEASE PAYMENTS INCLUDE THE COST OF MAINTENANCE AND/OR SERVICE BEING PROVIDED BY THE SUPPLIER AND/OR THE MANUFACTURER, YOU ACKNOWLEDGE THAT WE ARE NOT RESPONSIBLE FOR PROVIDING ANY REQUIRED MAINTENANCE AND/OR SERVICE FOR THE EQUIPMENT. YOU WILL MAKE ALL CLAIMS FOR SERVICE AND/OR MAINTENANCE SOLELY TO THE SUPPLIER AND/OR MANUFACTURER AND SUCH CLAIMS WILL NOT AFFECT YOUR OBLIGATION TO MAKE ALL REQUIRED LEASE PAYMENTS.

**8. ASSIGNMENT:** YOU AGREE NOT TO TRANSFER, SELL, SUBLEASE, ASSIGN, PLEDGE OR ENCUMBER EITHER THE EQUIPMENT OR ANY RIGHTS UNDER THIS LEASE WITHOUT OUR PRIOR WRITTEN CONSENT. YOU agree that WE may sell, assign or transfer this Lease and if WE do, the new owner will have the same rights and benefits that WE now have and will not have to perform any of OUR obligations and that the rights of the new owner will not be subject to any claims, defenses, or set-offs that YOU may have against US.

**9. REDELIVERY AND RENEWAL:** Upon at least sixty (60) but not more than one hundred twenty (120) days written notice to US prior to the expiration of the Lease term, YOU shall advise US of YOUR intention to return the Equipment to US at the end of the Lease term. Provided YOU have given such timely notice, YOU shall return the Equipment, freight and insurance prepaid, to US in good repair, condition and working order, ordinary wear and tear excepted, in a manner and to a location designated by US. If YOU fail to notify US, or having notified US, YOU fail to return the Equipment as provided herein, this Lease shall renew for consecutive twelve (12) month periods and YOU agree to continue to make Lease Payments at the same monthly Lease Payments as set forth in the Lease subject to the right of either party to terminate the Lease upon sixty (60) days written notice, in which case YOU will immediately deliver the Equipment to US as stated in this paragraph.

**10. LOSS OR DAMAGE:** YOU are responsible for the risk of loss or destruction of, or damage to the Equipment. No such loss or damage relieves YOU from any obligation under this Lease.

**11. INDEMNITY:** We are not responsible for any losses or injuries caused by the installation or use of the Equipment. YOU agree to reimburse US for and to defend US against any claim for losses or injuries caused by the Equipment. This indemnity will continue even after the termination of this Lease.

**12. TAXES:** YOU agree to pay all license and registration fees, sale and use taxes, personal property taxes and all other taxes and charges, relating to the ownership, leasing, rental, sale, purchase, possession or use of the Equipment as part of the Lease Payment or as billed by US. YOU agree that if WE pay any taxes or charges on YOUR behalf, YOU will reimburse US for all such payments and will pay US interest and a late charge (as calculated in Section 3) on such payments with the next Lease Payment, plus a fee for OUR collecting and administering any taxes, assessments or fees and remitting them to the appropriate authorities. YOU will indemnify US on an after-tax basis against the loss of any tax benefits anticipated at the Commencement Date arising out of YOUR acts or omissions.

**13. INSURANCE:** During the term of this Lease, YOU will keep the Equipment insured against all risks of loss or damage in an amount not less than the replacement cost of the Equipment, without deductible and without co-insurance. YOU will also obtain and maintain for the term of this Lease, comprehensive public liability insurance covering both personal injury and property damage of at least $100,000 per person and $300,000 per occurrence for bodily injury and $50,000 for property damage. We will be the sole named loss payee on the property insurance and named as an additional insured on the public liability insurance. YOU will pay all premiums for such insurance and must deliver proof of insurance coverage satisfactory to US. If YOU do not provide such insurance, YOU agree that WE have the right, but not the obligation, to obtain such insurance and add an insurance fee to the amount due from you, on which we make a profit.

**14. DEFAULT:** YOU are in default of this Lease if any of the following occurs: a) YOU fail to pay any Lease Payment or other sum when due; b) YOU breach any warranty or other obligation under this Lease, or any other agreement with US. c) YOU, any partner or any guarantor dies, YOU become insolvent or unable to pay YOUR debts when due; YOU stop doing business as a going concern; YOU merge, consolidate, transfer all or substantially all of YOUR assets, YOU make an assignment for the benefit of creditors or YOU undergo a substantial deterioration in YOUR financial condition, or d) YOU, any guarantor or any partner, voluntarily file or have filed against YOU or it involuntarily, a petition for liquidation, reorganization, adjustment of debt or similar relief under the Federal Bankruptcy Code or any other present or future federal or state bankruptcy or insolvency law, or a trustee, receiver or liquidator is appointed for YOU or it or a substantial part of YOUR or its assets.

**15. REMEDIES:** WE have the following remedies if YOU are in default of this Lease: WE may declare the entire balance of the unpaid Lease Payments for the full term immediately due and payable, sue for and receive all Lease Payments and any other payments then accrued or accelerated under this Lease or any other agreement plus the estimated fair market value of the Equipment at the end of the originally scheduled term or the End of Lease Option Price ("Residual"), and all accelerated Lease Payments and the Residual will be discounted to the date of the default at the lesser of (a) per annum interest rate equivalent to that of a U.S.

Treasury constant maturity obligation (as reported by the U.S. Treasury Department) that would have a repayment term equal to the remaining Lease term, all as reasonably determined by US, or (b) 3% per annum, but only to the extent permitted by law; charge YOU interest on all monies due US at the rate of eighteen percent (18%) per year from the date of default until paid, but in no event more than the maximum rate permitted by law; charge YOU a return-check or non-sufficient funds charge ("NSF Charge") of $25.00 for a check that is returned for any reason; and require that YOU return the Equipment to US and in the event YOU fail to return the Equipment, enter upon the premises peaceably with or without legal process where the Equipment is located and repossess the Equipment. Such return or repossession of the Equipment will not constitute a termination of this Lease unless WE expressly notify YOU in writing. In the event the Equipment is returned or repossessed by US and unless WE have terminated this Lease, WE will sell or re-rent the Equipment to any persons with any terms WE determine, at one or more public or private sales, with or without notice to YOU, and apply the net proceeds after deducting the costs and expenses of such sale or re-rent, to YOUR obligations with YOU remaining liable for any deficiency and with any excess being retained by US. The credit for any sums to be received by US from any such rental shall be discounted to the date of the agreement at six percent (6%) per year.

YOU are also required to pay (i) all expenses incurred by US in connection with the enforcement of any remedies, including all expenses of repossessing, storing, shipping, repairing and selling the Equipment, and (ii) reasonable attorneys' fees.

**16. PURCHASE OPTION:** Upon expiration of the Lease term, provided YOU are not in default, YOU shall have the option to purchase all but not than less than all of the Equipment on the terms as indicated in the End of Lease Options checked above. We will use OUR reasonable judgment to determine the Equipment's fair market value for all FMV purchase options which shall be based on the Equipment remaining in place.

**17. SECURITY DEPOSIT:** Any security deposit is non-interest bearing. We may apply any security deposit to cure any default by YOU, in which event YOU will promptly restore any amount so applied. If YOU are not in default, any security deposit will be returned to YOU at the termination of this Lease.

**18. WARRANTIES:** YOU warrant and represent that the Equipment will be used for business purposes, and not for personal, family or household purposes.

**19. UCC FILINGS AND FINANCIAL STATEMENTS:** YOU authorize US to file a financing statement with respect to the Equipment and grant US the right to sign such financing statement on YOUR behalf. If WE feel it is necessary, YOU agree to submit financial statements (audited if available) on a quarterly basis.

**20. UCC — ARTICLE 2A PROVISIONS:** YOU agree that this Lease is a Finance Lease as that term is defined in Article 2A of the Uniform Commercial Code ("UCC"). YOU acknowledge that WE have given YOU the name of the Supplier of the Equipment. We hereby notify YOU that YOU may have rights under the contract with the Supplier and YOU may contact the Supplier for a description of any rights or warranties that YOU may have under this supply contract. YOU also waive any and all rights and remedies granted YOU under Sections 2A-508 through 2A-522 of the UCC.

**21. CHOICE OF LAW: This Lease shall be deemed fully executed and performed in the Commonwealth of Pennsylvania and shall be governed and construed in accordance with the laws thereof. YOU consent to and agree that non-exclusive jurisdiction, personal or otherwise, over YOU and the Equipment shall be with the Courts of the Commonwealth of Pennsylvania or the Federal District Court for the Eastern District of Pennsylvania solely at our option with respect to any provision of this Lease. YOU also agree to waive YOUR right to a trial by jury.**

**22. ENTIRE AGREEMENT; SEVERABILITY; WAIVERS:** This Lease contains the entire agreement and understanding. No agreements or understandings are binding on the parties unless set forth in writing and signed by the parties. Any provision of this Lease which for any reason may be held unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective without invalidating the remaining provisions of this Lease. THIS LEASE IS NOT INTENDED FOR TRANSACTIONS WITH AN EQUIPMENT COST LESS THAN $1,000.

Initials _____

©2004 All Rights Reserved. Printed in the U.S.A  04ABP013 7/04

04ABP013

Received 03/21/2006 01:39PM in 01:46 on line [23] for DATA_ENTRY * Pg 3/4
03/21/2006    13:42                                                          NO.697    P03

# SCHEDULE A

SCHEDULE FORMING PART OF LEASE BETWEEN LESSOR, ___ DE LAGE LANDEN FINANCIAL SERVICES INC

AND _ INTERBORO INSTITUTE, INC _____, LESSEE,

DATE: _____ LEASE NUMBER: _____

DESCRIPTION OF EQUIPMENT:

3 Ricoh 1515MF
4 Toshiba es282  MR3010 RADF, GM2020 print/scan, GD1160 fax option, stand (1 with coin box)
3 Toshiba es352  MR3016 RADF, GD2010 print/scan, GD1150 fax option, stand
1 Toshiba es452  MR3016 RADF, MJ1023 finisher, GD2010 print/scan, GD1150 fax option, stand
1 Toshiba es281c MR3018 RADF  GD1200 fax option, stand
2 Ricoh  IS760D  NIC card

1 Ricoh FS200c  W

THIS SCHEDULE SHALL HERE AFTER FORM PART OF THE AFOREMENTIONED LEASE.

YOU AGREE THAT A FACSIMILE COPY OF THIS DOCUMENT WITH FACSIMILE SIGNATURES MAY BE TREATED AS AN ORIGINAL AND WILL BE ADMISSIBLE AS EVIDENCE IN
A COURT OF LAW.

LESSEE SIGNATURE

Signature X _____
(LEASE MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER, PARTNER OR PROPRIETOR)

Print Name _RICHARD Goldman_____

Title _CF...Auson - CFO_____ Date _2/1/06_

For _Tuckerman  Institute  ..._____ (Legal Name of Corporation or Partnership)

ACCEPTED BY LESSOR

Signature X _____

Print Name _____

For _____ (Legal Name of Corporation or Partnership)

©2003 All Rights Reserved  Printed in the U.S.A  033LL775  7/03

## SCHEDULE A

SCHEDULE FORMING PART OF LEASE BETWEEN LESSOR, ___DE LAGE LANDEN FINANCIAL SERVICES INC_____

AND ___INTERBORO INSTITUTE, INC_____, LESSEE,

DATE: _____ LEASE NUMBER: _____

DESCRIPTION OF EQUIPMENT:

3 Ricoh 1515MF
4 Toshiba es282  MR3010 RADF, GM2020 print/scan, GD1150 fax option, stand (1 with coin box)
3 Toshiba es352  MR3018 RADF, GD2010 print/scan, GD1150 fax option, stand
1 Toshiba es452  MR3018 RADF, MJ1023 finisher, GD2010 pnnt/scan, GD1150 fax option, stand
1 Toshiba es281c  MR3018 RADF  GD1200 fax option, stand
2 Ricoh  IS760D  NIC card

THIS SCHEDULE SHALL HERE AFTER FORM PART OF THE AFOREMENTIONED LEASE.

YOU AGREE THAT A FACSIMILE COPY OF THIS DOCUMENT WITH FACSIMILE SIGNATURES MAY BE TREATED AS AN ORIGINAL AND WILL BE ADMISSIBLE AS EVIDENCE IN A COURT OF LAW.

LESSEE SIGNATURE

Signature X _____
(LEASE MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER, PARTNER OR PROPRIETOR)

Print Name __Richard Goldner_____

Title __President - CFO_____    Date __2/1/06___

For __Interboro Institute Inc_____ Legal Name of Corporation or Partnership

ACCEPTED BY LESSOR

Signature X _____

Print Name _____

For _____ Legal Name of Corporation or Partnership

03DLL775

©2003 All Rights Reserved  Printed in the U.S.A.  03DLL775  2/03

**EXHIBIT E**

# DELIVERY AND ACCEPTANCE

LEASE COMMENCEMENT DATE _____    LEASE NUMBER _____

**LESSEE**

Full Legal Name __INTERBORO INSTITUTE, INC.__    DBA Name (If Any) _____

Billing Address __450 WEST 56TH STREET__    Phone Number __(212) 399-0093__

City __NEW YORK__    County _____    State _NY_    Zip Code __10019__

**EQUIPMENT INFORMATION**

Equipment Location
(If not same as above) _____

City _____    County _____    State _____    Zip Code _____

| Quantity | Model Number | Description (Attach Schedule if Necessary) |
|---|---|---|
| 3 | 411822 | Ricoh 1515MF 15ppm MFP desktop (copy, print, scan, fax) |
| 4 | es282 | Toshiba e-Studio 282 28ppm MFP with RADF, stand, print/scan, fax |
| 3 | es352 | Toshiba e-Studio 352 35ppm MFP with RADF, print/scan, fax |
| 1 | es281c | Toshiba e-Studio 281c 28ppm black and 11ppm color MFP with RADF, fax |
| 1 | es452 | Toshiba e-Studio 452 45ppm MFP with RADF, print/scan, fax, finisher |
| 1 | 402334 | Ricoh Image Scanner IS200e |
| 2 | 402055 | Ricoh Color Scaner IS760D with network scanning unit type A (pn 402011) |

Lessee certifies that all of the above described Equipment leased from Lessor has been received in good condition, installed, operates properly, and is, therefore unconditionally accepted for purposes of the Lease. Lessee authorizes Lessor to pay the vendor for the Equipment.

DISCLAIMER OF WARRANTIES. Lessee has selected both the Equipment and the supplier from who Lessor covenant to purchase the Equipment at Lessee's request. LESSEE ACKNOWLEDGES THAT LESSOR HAS NO EXPERTISE OR SPECIAL FAMILIARITY ABOUT OR WITH RESPECT TO THE EQUIPMENT. LESSEE AGREES THAT THE EQUIPMENT LEASED HEREUNDER IS LEASED "AS-IS" AND IS OF A SIZE, DESIGN AND CAPACITY SELECTED BY LESSEE AND THAT LESSEE IS SATISFIED THAT THE SAME IS SUITABLE FOR LESSEE'S PURPOSES, AND THAT LESSOR HAS MADE NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE SUITABILITY OR DURABILITY OF SAID EQUIPMENT FOR THE PURPOSES AND USES OF LESSEE, OR ANY OTHER REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED WITH RESPECT THERETO, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. LESSOR FURTHER DISCLAIMS ANY LIABILITY FOR LOSS, DAMAGE OR INJURY TO LESSEE OR THIRD PARTIES AS A RESULT OF ANY DEFECTS, LATENT OR OTHERWISE IN THE EQUIPMENT WHETHER ARISING FROM THE APPLICATION OF THE LAWS OF STRICT LIABILITY OR OTHERWISE. If the Equipment is not properly installed, does not operate as represented or warranted by the supplier and/or manufacturer, or is unsatisfactory for any reason, Lessee shall make any claim on account thereof solely against the supplier and/or manufacturer and shall, nevertheless, pay Lessor all Lease Payment under this Lease and shall not set up against Lessee's obligations any such claims as a defense, counterclaim, set-off or otherwise. So long as Lessee is not in breach or default of this Lease, Lessor hereby assigns to Lessee, solely for the purpose of making and prosecuting any such claim, any rights which Lessor may have against the supplier and/or manufacturer for breach of warranty or other representation respecting any item of Equipment. Any proceeds of any warranty recovery by Lessee from the supplier and/or manufacturer of any item of Equipment shall first be used to repair or replace the affected item of Equipment.

THE LESSEE ACKNOWLEDGES THAT NEITHER THE SUPPLIER NOR ANY SALESMAN, EMPLOYEE, REPRESENTATIVE OR AGENT OF THE SUPPLIER IS AN AGENT OR REPRESENTATIVE OF LESSOR, AND THAT NONE OF THE ABOVE IS AUTHORIZED TO WAIVE OR ALTER ANY TERM, PROVISION OR CONDITION OF THIS LEASE OR MAKE ANY REPRESENTATION OR WARRANTY WITH RESPECT TO THIS LEASE OR THE EQUIPMENT LEASED HEREUNDER. Lessee further acknowledges and agrees that Lessee, executing this Lease, has relied solely upon the terms, provisions and conditions contained herein, and any other statements, warranties, or representations, if any, by the supplier or any salesman, employee, representative or agent of the supplier, have not been relied upon, and shall not in any way affect Lessee's obligation to make the Lease Payments and otherwise perform as set forth in this Lease.

NOTICE TO LESSEE: PLEASE RETAIN THIS ACCEPTANCE WHICH IS TO BE SIGNED AND MAILED TO 1111 OLD EAGLE SCHOOL ROAD, WAYNE, PA 19087, USA AFTER THE EQUIPMENT HAS BEEN DELIVERED AND ACCEPTED.

DO NOT SIGN THIS DELIVERY AND ACCEPTANCE RECEIPT UNTIL YOU HAVE ACTUALLY RECEIVED ALL OF THE EQUIPMENT SET FORTH ABOVE.

YOU AGREE THAT A FACSIMILE COPY OF THIS DOCUMENT WITH FACSIMILE SIGNATURES MAY BE TREATED AS AN ORIGINAL AND WILL BE ADMISSIBLE AS EVIDENCE IN A COURT OF LAW.

**LESSEE SIGNATURE**

Signature X _____
(LEASE MUST BE SIGNED BY AUTHORIZED CORPORATE OFFICER, PARTNER OR PROPRIETOR)

Print Name _Richard Colangeli_

Title _CEO_    Date _3/3/06_

For _INTERBORO INSTITUTE, INC._ Legal Name of Corporation or Partnership

**OFFICE USE ONLY**

Name of Authorized person verifying Delivery and Acceptance of Equipment _____

Signature of Employee who made Telephone Verification X _____

Date of Telephone Verification _____



©2005 All Rights Reserved. Printed in the U.S.A. 050EDDC092 01.05

050EDDC092

**EXHIBIT F**



De Lage Landen Financial Services
1111 Old Eagle School Road
Wayne, PA 19087
610 386 5000

November 27, 2006

Interboro Institute, Inc.
450 West 56th Street
New York, NY  10019

Reference is hereby made to those certain Lease Schedules as fully described on Attachment A between Interboro Institute, Inc. ("Lessee") and De Lage Landen Financial Services, Inc. ("Lessor") (the "Lease").

This will serve as notice to you that Lessor has assigned to National City Commercial Capital Corporation ("NCCCC") all rights and interests Lessor has in the Lease.  All payments and fees due from you under the Leases should be forwarded to NCCCC at its stated address:

Sincerely,
De Lage Landen Financial Services, Inc.

BY:

PRINT NAME:  Bennett F. Viverito
TITLE:  Vice President, Capital Markets